UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| EDWARD SKINNER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTHERN STATE CORRECTIONAL ) <br> FACILITY, ) <br> ) <br> Defendant. ) | Case No. 2:24-cv-114 |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**
(Docs. 7, 8, & 9)

This matter came before the court for a review of the Magistrate Judge's December 2, 2024 Report and Recommendation ("R & R") (Doc. 9), in which the Magistrate Judge recommended that the court dismiss the Amended Complaint and this case with prejudice because self-represented Plaintiff Edward Skinner, Jr. has failed to plausibly allege a claim for which relief may be granted. In a July 19, 2024 order, the Magistrate Judge denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). When Plaintiff filed his IFP application, he was incarcerated, but he did not include the required signed certification of a Northern State Correctional Facility officer describing the contents of Plaintiff's Inmate Account.

After reviewing the proposed Complaint, the Magistrate Judge determined it should be dismissed because it sought monetary relief from a state correctional facility, which is immune from suits for money damages in federal court, and because it failed to state a plausible claim for relief based on its conclusory legal arguments and lack of factual allegations. The Magistrate Judge granted Plaintiff leave to file an updated IFP application and proposed Amended Complaint within thirty days.

On July 25, 2024, Plaintiff filed an updated IFP application as well as a letter in which he alleged:

> When I was being booked at the Northern State Correctional [Facility,] I was under the influence of alcohol. I was booked under a domestic assault [where] we were both drinking. I served 14 months of it before I was sentenced but the day I was being booked I was so intoxicated the medical dept put me on [medicine] which I sent the paperwork. The correctional officer called me up a week later after I _noted_ Amy Jacobs the warden and had me finish a couple of question[s] he didn't ask me and then [the] next day he was put into another position. Can you please look into this[?] My rights [under the] 5th, 15th amendment[s were not] treated properly.

(Doc. 8 at 1-2) (emphasis in original).

In the Magistrate Judge's December 2, 2024 R & R, he construed the July 25, 2024 letter a Plaintiff's Amended Complaint and recommended the court dismiss it. (Doc. 9.) The Magistrate Judge observed that Plaintiff did not identify any individuals involved in the alleged deprivation of his rights or provide factual allegations regarding the allegedly unlawful conduct. The Magistrate Judge noted that Warden Jacobs, although identified by name in the July 25, 2024 letter, was not alleged to have participated in any way in the alleged violation of Plaintiff's rights, and he further determined that Northern State Correctional Facility is immune from a suit for money damages in federal court.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

No party has filed an objection to the R & R, and the time period to do so has expired. The court agrees with the Magistrate Judge's conclusion that the Amended

Complaint does not cure the deficiencies identified in the July 19, 2024 order and that it fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court therefore ADOPTS the Magistrate Judge's R & R (Doc. 9) as the court's Opinion and Order. This case is hereby DISMISSED.

Pursuant to 28 U.S.C. § 1915(a)(3), the court DENIES Plaintiff a certificate of appealability in this matter because Plaintiff has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of January, 2025.

Christina Reiss, Chief Judge
United States District Court